OPINION
{¶ 1} Appellant appeals his sentence and conviction entered in the Licking County Municipal Court on one count of Driving under Suspension.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On August 27, 2004, officers from the Newark Police Department were conducting narcotics surveillance when a red Ford Thunderbird was observed in the area. Ptl. McKee noted the license plate number on a piece of paper. He then telephoned the number in to the dispatcher to run through LEADS. The dispatcher informed Ptl. McKee that said plate number was a valid plate but was for a vehicle other than a Ford Thunderbird. Ptl. Mckee relayed said information to the other officers in the area. Ptl. Wilhelm stopped Appellant, called dispatch to give his location and also called in the license plate number. Ptl. Wilhelm then approached Appellant's vehicle and obtained Appellant's operator's license. While talking to Appellant, dispatch informed Pt. Wilhelm that the plate was valid and was registered to Appellant but that Appellant's driving privileges were suspended. At approximately that time, Appellant McKee arrived on the scene and it was discovered that he had transposed a number on the license plate when he called same in to the dispatcher.
 {¶ 4} Appellant was charged with Driving Under Suspension, in violation of R.C. 4510.11.
 {¶ 5} On September 1, 2004, Appellant was arraigned and entered a plea of not guilty.
 {¶ 6} On October 19, 2004, Appellant requested leave to file a motion to suppress evidence, which was granted by the trial court on October 25, 2004.
 {¶ 7} On December 17, 2004, the trial court held an oral hearing on appellant's motion to suppress.
 {¶ 8} By Judgment Entry filed December 20, 2004, the trial court denied appellant's suppression motion.
 {¶ 9} On January 13, 2005, Appellant charged his original plea of not guilty to one of no contest. The trial court accepted such change of plea and found appellant guilty. The trial court then sentenced Appellant.
 {¶ 10} Appellant filed an appeal of his sentence and this matter is now before this court for consideration. Appellant's sentence was stayed pending this appeal. Appellant's sole Assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE AS THERE WAS NO LEGITIMATE BASIS ARTICULATED BY THE WITNESSES FOR THE PROSECUTION SUFFICIENT TO JUSTIFY THE WARRANTLESS SEIZURE OF THE DEFENDANT-APPELLANT."
 I. {¶ 12} In his sole assignment of error, Appellant claims the trial court erred in overruling his motion to suppress. We disagree.
 {¶ 13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; State v. Guysinger (1993),86 Ohio App.3d 592.
 {¶ 14} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 15} Appellant argues that the officers lacked a legitimate and constitutionally sufficient basis for the initial seizure of Appellant.
 {¶ 16} In the case sub judice, the trial court found that at the time of the stop, the officer was justified in making said stop based on the information relayed to him.
 {¶ 17} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 18} More specifically, a police officer may stop an automobile for investigation where the officer has an articulable and reasonable suspicion that the motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law. State vs. Chatton (1984),11 Ohio St.3d 59, 61, 463 N.E.2d 1237, cert. denied, 469 U.S. 856,105 S.Ct. 182, 83 L.Ed.2d 116, citing Delaware vs. Prouse (1979),440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660. Where an officer learns from a check of the vehicle's license plates that the operator's license of the owner of the vehicle is suspended, the officer may stop the vehicle, as the facts known to the officer, coupled with the rational inference that the owner of a vehicle is likely to be driving the vehicle, gives rise to a reasonable, articulable suspicion that the person driving the vehicle has a suspended license. State vs. Powell (February 24, 1993), Ashland App. No. CA-1021, unreported.
 {¶ 19} The fact that the information concerning appellant's license plate later proved to be incorrect is irrelevant. Ptl. Wilhelm received information, relayed through his radio, that license plate on Appellant's vehicle did not match the vehicle. This gave him a reasonable, articulable suspicion to stop the vehicle for the purpose of checking appellant's driver's license. Village of Granville v. Young (April 29, 1998), Licking County App. No. 97-CA-110.
 {¶ 20} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 21} Appellant's sole Assignment of Error is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Boggins, P.J., Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Licking County, Ohio is affirmed. Costs to Appellant.